## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE BRUNSON, JR.<br>1230 Ward Street, A<br>Chester, PA 19013<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RADIANT GLOBAL LOGISTICS, INC.<br>514 Kaiser Drive<br>Fulcroft, PA 19032<br><br>　　　　Defendant | CIVIL ACTION<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Terrance Brunson, Jr. (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Radiant Global Logistics, Inc. (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), and the Pennsylvania Human Relations Act ("PHRA")[1], As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII and Section 1981.

## JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. This Court has supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Radiant Global Logistics (hereinafter "Defendant") is a logistics and shipping company.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is an African-American/black male.

12. Plaintiff was hired to work for Defendant in or about October of 2021 as a warehouse worker.

13. In this role, Plaintiff was supervised by Beth Burkhart (Caucasian, hereinafter "Burkhart") and was also generally supervised by Burkhart's boss, Nathaniel Brown (Caucasian, hereinafter "Brown").

14. In addition to being supervised by Burkhart and Brown, Plaintiff was given his daily work orders from Joe Purcell (Caucasian, hereinafter "Purcell").

15. During his employment with Defendant, Plaintiff was the only black employee at his location.

16. Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee who lacked a history of progressive discipline.

17. Unfortunately, despite his work ethic, Plaintiff was subjected to increasing hostile and discriminatory behavior while employed with Defendant because of his race.

18. The racially discriminatory behavior that Plaintiff was subjected to (discussed *supra*) included, but was not limited to:

   a. Purcell would treat Plaintiff in a rude and demeaning manner unlike his Caucasian counterparts (including regularly being talked down to and belittled);

   b. Purcell would constantly tell Plaintiff that he was on the verge of being fired (Plaintiff did not observe Purcell threaten other Caucasian employees like this);

   c. Plaintiff was taunted in a racially discriminatory manner for having "3 baby mommas" in addition to being subjected to other comments regarding racial stereotypes; and

   d. Plaintiff was required to work in the back of the warehouse, alone, performing a job that required three (3) employees (unlike his Caucasian co-workers).

19. In addition to the aforesaid disparate and discriminatory treatment, Plaintiff was subjected to even more appalling treatment when Purcell gave Plaintiff's personal phone number to another co-worker, Peg Nicholson (Caucasian, hereinafter "Nicholson").

20. Nicholson used said number to constantly harass Plaintiff in a racially discriminatory and sexually harassing manner, including, but not limited to:

   a. Constantly sending unwanted and uninvited text messages to Plaintiff;

   b. Sending texts to Plaintiff asking about his "bm" or "baby momma";

   c. Asking Plaintiff to come to her office area so that she could "call [Plaintiff's] scumbag ass out";

   d. Calling both Plaintiff and his children "hood rats";

   e. Stating "N . . . everyone in the offices thinks ur [sic] a big joke" with "N" being a clear reference to the racial slur "nigger";

   f. Texting Plaintiff "you don't know how to deal with a real grownass woman. Ur [sic] used to your hood rats that bend down and do whatever u [sic] want";

      g. When Plaintiff did not answer a call from Nicholson, she texted him that he "Must b [*sic*] with some hood rat trash;

      h. Repeatedly referencing a sexual relationship that Nicholson was having with a 27-year-old, stating to Plaintiff that she "got dick on the way".

      i. Asking Plaintiff to send her sexually explicit photographs of himself; and

      j. Harassing Plaintiff to come over to her house after hours.

21. Nicholson's aforesaid behavior was not only racially offensive, but it was also sexually harassing.

22. Plaintiff consistently and repeatedly verbally objected to the aforesaid discriminatory comments/behavior made by Purcell and Nicholson, including specifically telling Nicholson to "stop" and to "leave me alone".

23. These protests did not lead to a cessation of the discriminatory behavior/sexual harassment.

24. Instead, the aforesaid harassing treatment culminated in an incident on or about October 5, 2022, wherein Nicholson yelled at Plaintiff stating: "fucking nigger, fuck you," after Plaintiff told Nicholson that she needed to leave him alone or else he would report her.

25. Plaintiff complained to Defendant's management, including Burkhart and Brown, about the aforesaid racial discriminatory language used by Nicholson on October 5, 2022, as well as the text messages being sent by her to sexually and racially harass Plaintiff.

26. Plaintiff's complaints to Burkhart and Brown (as discussed *supra*) constitute protected activity under Title VII (as his complaints were ones of racial discrimination and sexual harassment).

27. In response to his complaints of racial discrimination and sexual harassment on October 5, 2022, Plaintiff was sent home and told to not return to work while Defendant's management allegedly conducted an "investigation."

28. After being sent home on October 5, 2022, Plaintiff was forced to stay home, without pay, until October 12, 2022, at which point in time he was terminated.

29. While forced out of work without pay (discussed *supra*), Nicholson sent more texts to Plaintiff, taunting Plaintiff that she would get away with her actions and stating that the dock cameras had no audio, so Plaintiff's claims could never be verified.

30. While HR did reach out to Plaintiff during the alleged investigation, they made no meaningful effort to investigate or address Plaintiff's claims of racial discrimination and sexual harassment, and instead terminated him only a few days later on October 12, 2022.

31. On or about October 12, 2022, Plaintiff received a letter stating that he had been terminated from his employment with the Defendant.

32. The alleged reason that Defendant gave for Plaintiff's termination was that he "caused a scene" in response to Nicholson's outrageous and derogatory comments.

33. The alleged reason for Plaintiff's termination (as discussed *supra*) is completely pretextual and was simply fabricated as means to justify Defendant's discriminatory and retaliatory termination of Plaintiff's employment.

34. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of his race and/or in retaliation for his complaints of race discrimination and sexual harassment.

## COUNT I
## Violations of 42 U.S.C. Section 1981
### ([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendant, he was subjected to a discriminatory and retaliatory hostile work environment through disparate treatment, discriminatory comments, demeaning and derogatory treatment, involuntary unpaid leave, and ultimately termination of his employment, because of his race and/or complaints of racial discrimination.

37. Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's management subjected him to increased hostility and animosity until sending him home without pay and then ultimately terminating his employment on October 12, 2022.

38. Plaintiff believes and therefore avers that his race was a motivating and/or determinative factor in Defendant's decisions to send him home without pay for several days and then terminate his employment in October of 2022.

39. Plaintiff also believes and therefore avers that he was sent home without pay for several days and then terminated from his employment on October 12, 2022, for engaging in protected activity under Section 1981.

40. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

## COUNT II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendant, he was subjected to a discriminatory and retaliatory hostile work environment through disparate treatment, discriminatory comments, demeaning and derogatory treatment, involuntary unpaid leave, and ultimately termination of his employment, because of his race and/or complaints of racial discrimination.

43. Defendant's management subjected him to increased hostility and animosity until sending him home without pay and then ultimately terminating his employment on October 12, 2022. Plaintiff believes and therefore avers that his race was a motivating and/or determinative factor in Defendant's decisions to send him home without pay for several days and then terminate his employment in October of 2022.

44. Plaintiff also believes and therefore avers that he was sent home without pay for several days and then terminated from his employment on October 12, 2022, for engaging in protected activity under Title VII.

45. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

## COUNT III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Sexual Harassment; [2] Retaliation; [3] Hostile Work Environment)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was subjected to severe and pervasive sexual comments by Nicholson (who was provided with Plaintiff's contact information via Defendant) such that he was subjected to a hostile work environment.

42. Plaintiff specifically opposed and complained of Nicholson's inappropriate sexual sexually harassing behavior to Defendants' management and HR department.

43. Instead of properly investigating his concerns of sexual harassment, Defendant's management sent him home without pay, wherein Nicholson continued to send him inappropriate and retaliatory texts, and then ultimately terminated his employment on October 12, 2022.

44. Plaintiff believes and therefore avers that he was sent home for several days without pay and then terminated in retaliation for having complained of sexual harassment.

45. Defendants' actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

  C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

  F. Plaintiff is to be awarded any and all statutory enhancements available as a matter of law; and

  G. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

       By: _____
            Ari R. Karpf, Esq.
            3331 Street Rd.
            Two Greenwood Square, Suite 128
            Bensalem, PA 19020
            (215) 639-0801

Dated: May 1, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Terrance Brunson, Jr. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Radiant Global Logistics, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/1/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1230 Ward Street, A, Chester, PA 19013

Address of Defendant: 514 Kaiser Drive, Fulcroft, PA 19032

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/1/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/1/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRUNSON, JR., TERRANCE

**DEFENDANTS**
RADIANT GLOBAL LOGISTICS, INC.

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 5/1/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE